## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,   					Criminal No. 20-101 (DWF/DTS)

      Plaintiff,

v.   										**ORDER**

Lyle Nierenz,

      Defendant.

This matter is before the Court upon Defendant Lyle Nierenz's ("Defendant") objections (Doc. No. 52) to Magistrate Judge David T. Schultz's December 4, 2020 Report and Recommendation (Doc. No. 49) insofar as it recommends that Defendant's Motion to Suppress Evidence (Doc. No. 37) and Motion to Suppress Statements (Doc. No. 38) be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In the Report and Recommendation, the Magistrate Judge considered Defendant's motion to suppress all evidence seized during a search of his residence and inculpatory statements he made to law enforcement during the search. Defendant, who is charged with multiple counts of preparing and filing fraudulent tax returns, challenges the search

warrant under which agents seized documents and electronic devices when executed on February 27, 2020.  Defendant argues that the warrant lacked probable cause and particularity.  The Magistrate Judge considered Defendant's arguments and determined that the warrant was amply supported by probable cause, was sufficiently particularized, and demonstrated an adequate nexus between the probable cause and the items to be seized.  In particular, the Magistrate Judge explained that, taken in its entirety, the sworn affidavit supporting the warrant contains factual details that define a clear nexus between the probable cause that a crime has occurred and that evidence of that crime would be found in the place to be searched.  (Doc. No. 49 at 6.)  The Magistrate Judge also explained that the warrant does not lack particularity simply because it authorized the seizure of many items, and that the complexity and duration of Defendant's scheme, as well as the nexus to the records and electronic devices, supports the breadth of the warrant's authorization.  After considering Defendant's arguments and the relevant law, the Magistrate Judge concluded that the totality of the circumstances establishes the reasonableness of the warrant.  Accordingly, the Magistrate Judge recommended that the motions to suppress be denied.

Defendant now objects to the Report and Recommendation to the extent that it recommends that his Motion to Suppress Physical Evidence obtained as a result of the execution of a search warrant in this case be denied.  Defendant argues that the warrant is overbroad and generalized, based on speculative and tenuous factual averments, and contains unsupported conclusory allegations.  Defendant asks that the Court sustain the

objections and grant the motions to suppress. In doing so, Defendant has largely restated arguments made before the Magistrate Judge.

The Court has carefully reviewed Defendant's objections and the arguments in response *de novo*. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct. In particular, the warrant was supported by probable cause, was sufficiently particularized, demonstrated an adequate nexus between the probable cause and the items to be seized, and is not overly broad.

Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Lyle Nierenz's objections (Doc. No. [52]) to Magistrate Judge David T. Schultz's December 4, 2020 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge David T. Schultz's December 4, 2020 Report and Recommendation (Doc. No. [49]) is **ADOPTED.**

3. Defendant Lyle Nierenz's motion to suppress evidence (Doc. No. [37]) is **DENIED**; and

4. Defendant Lyle Nierenz's motion to suppress statements (Doc. No. [38]) is **DENIED**.

Dated: February 1, 2021         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge